**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN JAMES O'BRYAN,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:18-cv-01299 EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit.

The Court, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

Plaintiff challenges the decision of the Administrative Law Judge ("ALJ") on the ground that she failed to address relevant information from a third party. Specifically, Plaintiff's wife, Tiffany O'Bryan, completed a third-party function adult report on January 12, 2017, (Administrative Record ("A.R."), 252-259) and also submitted a letter dated April 23, 2018 (A.R. 320).

Any person who gives testimony about a claimant's impairments can qualify as a lay witness. SSR 06-03p, 2006 WL 2329939, at *2. Lay witness testimony about a claimant's symptoms is competent evidence that the ALJ must consider unless she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must be specific and germane. *Bruce v. Astrue*, 557 F.3d 113, 115 (9th Cir. 2009).

Here, it is undisputed that the ALJ did not address the third-party function report or letter. The ALJ committed legal error in failing to do to.

In response, the Commissioner argues that the error was harmless because the reasons given for rejecting the Plaintiff's similar testimony would apply equally to the third-party statements. *See Valentine v. Commissioner Social Sec. Admin.,* 574 F.3d 685, 694 (9th Cir. 2009) ("Mrs. Valentine's testimony of her husband's fatigue was similar to Valentine's own subjective complaints. . . . In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."); *Moose v. Berryhill,* 716 Fed.Appx. 710, 711 (9th Cir. 2018) (unpublished) ("Any error in evaluating the lay testimony of Ms. Crawford and in failing to discuss the testimony of Ms. Beaver was harmless because Ms. Crawford and Ms. Beaver's testimony regarding Moose's anger and inability to accept supervision were substantially similar to Moose's own testimony, and the ALJ's reasons for rejecting Moose's testimony regarding the limiting effects of his symptoms also apply to the lay testimony.").

The ALJ gave the following reasons for rejecting the subjective symptom testimony of the Plaintiff:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because the record fails to document any objective clinical findings establishing that the claimant was not able to perform work in light of the reports of the treating and examining practitioners and the findings made on examination. The record reflects the claimant's history of joint disorder and obesity. He alleges an inability to work because of this condition (Exhibit 1F-16F). However, the weight of the objective evidence does

> not support the claimant's claims of disabling limitations to the degree [sic].
>
> . . .
>
> Despite his alleged impairments, the claimant has engaged in a somewhat normal level of daily activity and interaction. During the psychiatric consultative evaluation, he stated he could prepare and cook his own meals and take care of his own hygiene without any prompts or assistance. He supervises his children adequately as his wife works outside the home. He appeared capable of both light and heavy-duty domestic chores without any noted limitations (Exhibit 8F/4). Some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment. The claimant's ability to participate in such activities undermines the consistency of the claimant's allegations of disabling functional limitations.
>
> . . .
>
> Moreover, the claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. Specifically, he has not had operations, surgeries or hospitalizations for any of these alleged impairments, which suggests that the symptom may not have been as serious as has been alleged. Finally, I find it noteworthy to mention that the claimant admitted that he was prone to frequent absenteeism and on the average of three days per month. However, the absenteeism was chiefly due to personal childcare-related issues (Exhibit 5F/6).

(A.R. 23-24).

With these reasons in mind, the Court has reviewed the opinions given in the third-party statements. To the extent those opinions express limitations beyond those in the ALJ's Residual Function Capacity, the Court finds that the reasons given for discounting the testimony of Plaintiff would apply to them as well.

The ALJ's legal error in failing to address the third-party function statements was therefore harmless and does not warrant reversal of the ALJ's decision.

Thus, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 25, 2020**

/s/ Eric P. Groj

UNITED STATES MAGISTRATE JUDGE